# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 9, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NELSON C. MORRIS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0034** (BOR Appeal No. 2047440)
                    (Claim No. 2011012245)

**IVS HYDRO, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nelson C. Morris, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. IVS Hydro, Inc., by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 18, 2012, in which the Board affirmed a July 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 1, 2010, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Morris, a journeyman, alleges he injured his neck, left shoulder, and left arm while pulling and transferring hoses on September 14, 2010. He presented to the emergency room that evening with complaints of chest pain that radiated into his left shoulder and arm. Notes indicate that he had been experiencing left shoulder pain for a week before it began to radiate into his chest on September 13, 2010. Mr. Morris was treated by his treating physician, David Montgomery, D.O., on September 20, 2010. At that time, Dr. Montgomery diagnosed degenerative disc disease of the cervical spine with left arm radiculopathy. He noted loss of muscle definition in the left forearm. Dr. Montgomery referred Mr. Morris to Kim Crum, N.P.

1

Ms. Crum noted a history of arthritis in the fingers, elbows, and shoulders. She also noted slight muscle loss in the left forearm. Mr. Morris did not report a work-related injury until he was treated by Abdi Ghodsi, M.D., on September 29, 2010, when he reported that he injured himself while unloading hoses. Dr. Ghodsi reviewed a cervical MRI and diagnosed a disc herniation at C6-7. He stated that the presence of the herniation suggested acute onset and, to the best of his knowledge, was caused by a work-related injury on September 14, 2010. Mr. Morris underwent surgery to treat the herniation in November of 2010.

The employer's report of injury stated that Mr. Morris did not report the injury until September 29, 2010. It noted several witness to the alleged injury, but stated that they all reported that they did not see an injury and that Mr. Morris did not mention an injury or pain. Three co-workers asserted in affidavits that they worked with Mr. Morris on the day of the alleged injury. None of them noticed an injury or indications of pain and Mr. Morris did not inform any of them that he had injured himself. Mr. Morris's direct supervisor stated in an affidavit that he did not notice any indications of injury or pain on the day in question. He also stated that Mr. Morris did not inform him of a work-related injury.

Mr. Morris testified in a hearing before the Office of Judges on April 19, 2011. He stated that he initially injured himself on September 13, 2010, when he was loading fifty pound hoses and felt pain in his neck, shoulder, and arm. He returned to work the following day and again experienced pain while lifting hoses. That same day, he was driving a truck in the course of his employment. When the truck broke down, he was forced to exert himself to lift and lower the hood which also caused him pain. He stated that he spoke with his supervisor and co-workers multiple times on September 14, 2010, and did not report an injury to any of them. He also confirmed that he did not report a work-related injury when he visited the emergency room that evening. He clarified however, that he informed the physician that his neck, shoulder, and arm had been hurting for a day, not a week as the treatment note indicates. Mr. Morris explained that he did not report his injury until September 28, 2010, because he did not know what was wrong until that time.

Prasadarao Mukkamala, M.D., determined in an independent medical evaluation that there is no reliable, credible evidence on the record to show that Mr. Morris suffered a specific, isolated occupational injury on September 14, 2010. He found that Mr. Morris's assertion that he did not know he injured his neck until days after the injury was not credible. He diagnosed degenerative disc disease with evidence of foraminal narrowing. The degenerative changes, he opined, are naturally occurring, pre-existing, and not causally related to Mr. Morris's employment.

The claims administrator rejected the claim on November 1, 2010. The Office of Judges affirmed the decision in its July 13, 2012, Order. The Office of Judges determined that Mr. Morris's testimony was not as credible as the other evidence of record. Three co-workers and a supervisor stated in affidavits that Mr. Morris made no mention of a work-related injury and showed no ill effects from his alleged injury. The co-workers were working alongside him when the injury allegedly occurred, and the supervisor observed his behavior that day. The Office of Judges also determined that the medical evidence did not support Mr. Morris's assertion that he

injured himself at work. The Office of Judges found that medical records from September 14, 2010, indicate he reported to the emergency room because he was having chest pains that radiated into his left shoulder and arm. He believed he was having a heart attack and at no time did he report a work-related injury to his neck, left shoulder, or left arm. Despite numerous opportunities, Mr. Morris did not report a work-related injury to any physician until he was treated by Dr. Ghodsi on September 28, 2010. He stated in his deposition that he did not report the injury sooner because he did not know what was wrong until that day. Pursuant to West Virginia Code of State Rules § 85-1-3.1 (2009), Mr. Morris's two week delay in reporting the injury and three week delay in filing a report of occupational injury casts doubt upon his claim. Lastly, the Office of Judges determined that the medical evidence of record indicates that Mr. Morris suffers from non-work-related conditions. Ms. Crum's treatment note indicated he has arthritis in his fingers, elbows, and shoulders. Dr. Montgomery noted on September 20, 2010, that he had some muscle wasting in his left forearm as well as degenerative disc disease of the spine. Naresh Nayak, M.D., noted on September 20, 2010, that Mr. Morris reported that he suffered from neck pain in the past, though it was not as severe as his present symptoms. Dr. Mukkamala also noted a pre-existing degenerative condition and opined that Mr. Morris's condition was unrelated to his occupational duties. The Office of Judges ultimately held that Mr. Morris failed to establish that he sustained an injury in the course of and resulting from his employment.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 18, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates that Mr. Morris did not sustain an injury in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 9, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II